IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DAVID WARREN, JR., ET AL., | ) CIVIL NO. 19-00232 JMS-WRP )  ) FINDINGS AND |
| Plaintiff, | ) RECOMMENDATION TO GRANT ) JOINT PETITION FOR GOOD |
| vs. | ) FAITH SETTLEMENT ) DETERMINATION |
| UNITED STATES OF AMERICA, ET AL., | ) ) ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT JOINT
PETITION FOR GOOD FAITH SETTLEMENT DETERMINATION

Before the Court is Defendants Kapiolani Medical Specialists and Devin Puapong, M.D.'s Petition for Good Faith Settlement, filed on August 20, 2021. See ECF No. 281. Plaintiff filed a Joinder in the Petition on August 25, 2021. See ECF No. 288. The Petition seeks approval of the confidential settlement between parties pursuant to Hawaii Revised Statutes Section 663-15.5. See ECF No. 281. Defendant United States filed its Response on September 1, 2021, and Defendant Kapiolani Medical Specialists filed its Reply on September 7, 2021. See ECF Nos. 291, 292. On September 20, 2021, a hearing was held before the Court. See ECF No. 293.

After careful consideration of the Petition, the record in this action, and the relevant legal authority, the Court FINDS AND RECOMMENDS that the

Petition be GRANTED.[1]

## BACKGROUND

Plaintiffs John David Warren, Jr. and Laura Warren, individually and as the parents of D.G.W., A.J.W., J.D.W., III, and A.A.W., filed this medical negligence action related to the care and treatment that their child D.G.W. received at Tripler Army Medical Center and at Kapiolani Medical Center for Women and Children in 2016.  See ECF No. 1.

Kapiolani Medical Specialists and Dr. Puapong reached a confidential settlement agreement with Plaintiffs on August 13, 2021.  See ECF No. 280.  In the Petition and Joinders, the parties seek a determination of good faith settlement pursuant to Hawaii Revised Statues, Section 633-15.5.  See ECF Nos. 281, 288.

## DISCUSSION

A finding of good faith settlement (1) discharges the settling party from liability for contribution to other joint tortfeasors, (2) reduces a plaintiff's claims against joint tortfeasors by the amount stipulated to in the release or in the amount of the consideration paid for it, whichever is greater, (3) bars other joint tortfeasors from further claims against the settling joint tortfeasor, except where

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

there is a written indemnity agreement, and (4) results in dismissal of all crossclaims against the settling joint tortfeasor, except where there is a written indemnity agreement.  See Haw. Rev. Stat. § 663–15.5(a) and (d).  To determine whether parties have entered into a good faith settlement, the court should consider the "totality of the circumstances" including:

> (1) the type of case and difficulty of proof at trial . . .; (2) the realistic approximation of total damages that the plaintiff seeks; (3) the strength of the plaintiff's claim and the realistic likelihood of his or her success at trial; (4) the predicted expense of litigation; (5) the relative degree of fault of the settling tortfeasors; (6) the amount of consideration paid to settle the claims; (7) the insurance policy limits and solvency of the joint tortfeasors; (8) the relationship among the parties and whether it is conducive to collusion or wrongful conduct; and (9) any other evidence that the settlement is aimed at injuring the interests of a non-settling tortfeasor or motivated by other wrongful purpose.

Troyer v. Adams, 77 P.3d 83, 111 (Haw. 2003).

An agreement to settle a claim is made in good faith when the totality of circumstances show that the settlement was not collusive or aimed at injuring the interests of the non-settling parties.  See id. (stating that the goal of the statute is to "prevent collusive settlements aimed at injuring non-settling tortfeasors' interests").  Section 663-15.5 does not require the settling parties to explain the rationale for the amount of the settlement payment.  See Whirlpool Corp. v. CIT Grp./Bus. Credit, Inc., 293 F. Supp. 2d 1144, 1154 (D. Haw. 2003).  The non-

settling defendant has the burden of proof that the settlement agreement was not reached in good faith. See Haw. Rev. Stat. § 663-15.5(b) ("A nonsettling alleged joint tortfeasor or co-obligor asserting a lack of good faith shall have the burden of proof on that issue.").

While Defendant United States filed a "response" as the non-settling defendant, Defendant United States did not carry its burden to prove that this settlement was not reached in good faith. See ECF No. 291; see also Haw. Rev. Stat. § 663-15.5(b) ("The non-settling defendant has the burden of proof that the settlement agreement was not reached in good faith."). Defendant United States merely identified certain Troyer factors that the Court should consider without further evidence or argument. See ECF No. 291 at 3. Here, the Court has reviewed the factors set forth in Troyer, including those highlighted by Defendant United States, and finds that the material terms of the settlement meet the purpose of Section 663-15.5 and that the settlement was entered into in good faith.

Lastly, Defendant United States asks the court to make certain findings along with its consideration of the petition for a good faith settlement. See ECF No. 291 at 3. Specifically, the United States asks that the Court determine the following issues before approving the petition for good faith settlement:

1. The amount of offset of any future judgement against the USA as a result of this settlement between plaintiffs and KMS/Puapong.

2. The settlement between plaintiffs and KMS/Puapong will not limit or exclude any evidence or testimony at trial of alleged breach of standard of care or negligence by either party, including but not limited to the amount of the settlement between Plaintiffs and KMS/Puapong.

3. The settlement between plaintiffs and KMS/Puapong will not affect the USA's contractual right to indemnification.

See id.

These requests are premature and need not be reached as part of this findings and recommendation. In any event, as set out in the Reply, these requests are clearly addressed by the applicable Hawaii Revised Stated. See ECF No. 292 at 4-5.

## CONCLUSION

Based on the Court's consideration of the Petition, the Joinders thereto, and the totality of the circumstances, the Court FINDS that the settlement was in good faith under Hawaii Revised Statutes Section 663–15.5 and RECOMMENDS Defendants Kapiolani Medical Specialists and Devin Puapong, M.D.'s Petition for Good Faith Settlement and the Joinder thereto be GRANTED.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, SEPTEMBER 21, 2021.



Wes Reber Porter
United States Magistrate Judge


**WARREN, JR., ET AL., V. UNITED STATES OF AMERICA, ET AL.; CIVIL NO. 19-00232 JMS-WRP; FINDINGS AND RECOMMENTAION TO GRANT JOINT PETITION FOR GOOD FAITH SETTLEMENT DETERMINATION**