IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOHN DAVID WARREN, JR., ET AL., | Civ. No. 19-00232 JMS-WRP |
| Plaintiffs, | ORDER GRANTING PLAINTIFFS' MOTION TO RAISE DAMAGES CAP, ECF NO. 307 |
| vs. | |
| UNITED STATES OF AMERICA, ET AL., | |
| Defendants. | |

## ORDER GRANTING PLAINTIFFS' MOTION TO RAISE DAMAGES CAP, ECF NO. 307

Plaintiffs move to raise the "damages cap" in this medical malpractice action brought against the United States under the Federal Tort Claims Act ("FTCA").[1] ECF No. 307.  Based on the following, the Motion is GRANTED.

Before filing suit under the FTCA for injuries arising out of allegedly tortious acts of federal employees acting within the scope of employment, a plaintiff must first exhaust administrative remedies by presenting a claim to the appropriate federal agency (and receive a denial of the claim, or wait six months without a final disposition of the claim).  *See* 28 U.S.C. § 2675(a).  Any

---

[1] Having been dismissed, the other Defendants besides the United States—Hawaii Pacific Health, Hawaii Pacific Health Partners, Kapiolani Medical Specialists, and Dr. Devin Puapong—are not involved with the present Motion.  *See* ECF No. 323 at PageID ## 5560-61.

subsequent suit may not seek damages "in excess of the amount of the [administrative] claim," *id.* § 2675(b), "except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or upon allegation and proof of intervening facts, relating to the amount of the claim," *id.*

Plaintiffs presented an administrative claim of $25 million on behalf of D.G.W.  *See* ECF No. 307-2 at PageID # 5035.[2]  Their Motion seeks to raise or lift that "damages cap" so that they can pursue damages in excess of that amount, claiming under § 2675(b) that they have "newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency, or . . . proof of intervening facts, relating to the amount of the claim."  "While a plaintiff may seek a larger amount if [the plaintiff] meets either of these tests, the burden of proof under both falls on the plaintiff."  *Salcedo-Albanez v. United States*, 149 F. Supp. 2d 1240, 1243 (S.D. Cal. 2001); *see also Zurba v. United States*, 318 F.3d 736, 739 (7th Cir. 2003).  "[I]n determining whether a plaintiff satisfies one of the two exceptions to the FTCA, courts apply an objective

---

[2] Plaintiffs filed three administrative claims: one on behalf of D.G.W. (minor) for $25 million, ECF No. 307-2 at PageID # 5035; one on behalf of Laura Warren, individually, for $5 million, *id.* at PageID # 5040; and one on behalf of John David Warren, Jr., individually, for $5 million, *id.* at PageID # 5045.  Plaintiffs address raising the cap regarding only D.G.W.'s claim for $25 million.

standard." *Salcedo-Albanez*, 149 F. Supp. 2d at 1243.  "[T]he allegedly newly discovered evidence or intervening facts must not have been reasonabl[y] capable of detection at the time the administrative claim was filed." *Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988) (quoting *Low v. United States*, 795 F.2d 466, 470 (5th Cir. 1986)).

As for the medical records from 6:28 a.m. on September 23, 2016, even if they are "newly discovered" and were "not reasonably discoverable" before Plaintiffs presented their administrative claim, Plaintiffs have not established that these records would have made a difference in raising the *amount* of their administrative claim for D.G.W.  That is, they have not established that this information is "relating to the amount of the claim" under § 2675(b), such that they would have filed a claim against the United States for greater than $25 million. Even if this evidence might indicate a stronger case of liability than they might have assessed when making their administrative claim, it does not indicate that D.G.W.'s damages were different.  A plaintiff is not entitled to lift the FTCA damages cap whenever it obtains favorable evidence of liability in discovery.  *See Williamson v. U.S. Through Veterans Admin.*, 1993 WL 541518, at *2 n.2 (E.D. La. Dec. 22, 1993) (maintaining damages cap despite the discovery of an "audit report" that tended to harm defendant's case, because that audit report "would

support plaintiff's allegation of liability on the part of defendant but would not support a claim for an increased amount of damages"); *see also Franklin v. United States*, 992 F.2d 1492, 1503 (10th Cir. 1993) (holding plaintiff not entitled to increased damages under the FTCA arising out of an allegedly unauthorized surgery, notwithstanding her allegation that she later discovered that the hospital form purportedly reflecting her husband's consent to surgery was altered, because there was no relationship between the alleged altered form and the damages recoverable on the medical battery claim).

Nevertheless, Plaintiffs have proven that Gattex is a newly-approved drug (i.e., it was approved by the U.S. Food and Drug Administration some eight months after the administrative claim was filed) and that it was not reasonably foreseeable that the drug (and its present expense) would be approved and needed when they filed their administrative claim. *See Richardson*, 841 F.2d at 999. Gattex was prescribed after the administrative claim and may be required for D.G.W.'s long-term care and treatment. And it is undisputed that (at least currently) Gattex costs approximately $40,000 per month. *See* ECF No. 307-4 at PageID ## 5059, 5062; ECF No. 307-5 at PageID # 5072. These intervening facts "relate[] to the amount of the claim" under § 2675(b), and justify Plaintiffs at least being able to *seek* damages that exceed the $25 million "cap" presented in their

4

administrative claim.  An increase is supported by an expert report that calculates the cost of Gattex itself as approximately $487,055 per year, with D.G.W.'s future medication costs estimated to be over $30 million.  *See* ECF No. 307-4 at PageID # 5062; ECF No. 307-5 at PageID # 5072.  Whether or not Plaintiffs can *prove* that entire amount of damages at trial is not the question here—the only question is whether there are "intervening facts, relating to the amount of the claim" that justify an amount in excess of the administrative claim.

The court need not set before trial an amount that Plaintiffs may seek *above* the administrative cap; it is only finding, under § 2675(b), that Plaintiffs are not limited by their administrative claim.  *See, e.g.*, *Zurba*, 318 F.3d at 743 (recognizing that "the award cap of § 2675(b) only acts to limit the amount of the ultimate claim against the government and not the entirety of the damage award"); *Salzwedel v. United States*, 2018 WL 460892, at *8 (D. Ariz. Jan. 18, 2018) ("Furthermore, courts routinely consider whether a plaintiff may recover in excess of his or her administrative claim at or after trial") (quotation marks and citation omitted).  To be clear, Plaintiffs must still prove at trial that the damages related to

Gattex justify an increase above the $25 million sought in their administrative claim as to D.G.W.[3]

In sum, Plaintiffs' Motion to Raise Damages Cap, ECF No. 307, is GRANTED.  Plaintiffs may attempt to prove an amount of damages related to Gattex such that the total damages to D.G.W. exceed the administrative claim of $25 million.  If, given this ruling, the United States will seek leave to supplement its expert disclosures to opine on the need for Gattex and its costs over D.G.W.'s lifetime, it must seek such leave by February 22, 2022.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, February 8, 2022.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Warren v. United States of America*, Civ. No. 19-00232 JMS-WRP, Order Granting Plaintiffs' Motion to Raise Damages Cap, ECF No. 307

---

[3] The court is making no finding here, one way or the other, regarding whether Gattex would be affected by the collateral source rule at trial.  *See* ECF No. 326 at PageID # 5758 n.10 (citing Hawaii case law for the proposition that a tortfeasor is not entitled to have its liability reduced by benefits received by the plaintiff from a source wholly independent of and collateral to the tortfeasor).